## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SARMARRA BUTLER,                         Case No: 2:19-cv-13708

                    Plaintiff,           HON. SEAN F. COX

vs.                                      MAG. R. STEVEN WHALEN

AMAZON,

                    Defendant.

---

| | |
|---|---|
| SARMARRA BUTLER | MICHAEL A. CHICHESTER, JR. |
| 14281 Crescent Drive | (P70823) |
| Detroit, Michigan 48213 | LITTLER MENDELSON, P.C. |
| 248.739.1873 | 200 Renaissance Center |
| marraaab@icloud.com | Suite 3110 |
| *in Pro Per* | Detroit, MI  48243 |
| | 313.446.6400 |
| | 313.202.3254-direct |
| | mchichester@littler.com |
| | *Attorneys for Defendant* |

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Amazon.com Services, Inc. ("Defendant" or "Amazon"),[1] through

its undersigned counsel and for its Answer and Affirmative and Other Defenses,

states as follows:

---

[1] Plaintiff improperly named "Amazon" as the Defendant in this action. Plaintiff's employer, Amazon.com Services, Inc. is the proper Defendant and is the entity answering Plaintiff's Complaint.

## CIVIL COMPLAINT

There is no other action pending in this transaction there [sic] has been litigated or received in this matter[.]

**ANSWER:** The allegations contained in this unnumbered paragraph on page 1 of Plaintiff's Complaint state the legal conclusions of the pleader to which no response is required. To the extent a response is required, Amazon acknowledges that there is no other pending or concluded actions between the Parties.

## JURISDICTION AND VENUE

Jurisdiction is conferred by MCL 600.601 and MCL 600.605 PARTIES [sic].

**ANSWER:** The allegations contained in this unnumbered paragraph on page 1 of Plaintiff's Complaint state the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendant denies that MCL 600.601 confers any jurisdiction and acknowledges that MCL 600.605 speaks to the general jurisdiction of the circuit courts of the State of Michigan.

## PARTIES

1.      Plaintiff[,] Sarmarra Butler, can be contacted at 14281 Crescent Dr[.], Detroit, Michigan 48213. Plaintiff can be contacted at 248-739-1873.

**ANSWER:** Defendant admits that the address provided by Plaintiff is the address it has on file as her address. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff can be

contacted at 248-739-1873, and therefore, denies same.

2.    Defendant Amazon['s] headquarters is 410 Terry, Ave. North Seattle WA 98109-5210.

**ANSWER:** Defendant admits that its corporate office address is 410 Terry, Ave. North Seattle WA 98109-5210.

## STATEMENT OF FACTS

1.    Plaintiff was hired by an agent of the Defendant September 20, 2019. Plaintiff explained to the agent that she was seven months pregnant and would need to be accommodated if she was hired. The agent told Plaintiff she would be accommodated and they accommodate[d] employees all the time. The agent told Plaintiff she would be placed on a light duty job at the back dock.

**ANSWER:** Denied as alleged. Defendant admits only that it made an offer of employment to Plaintiff on or about September 14, 2019, as a Seasonal Sortation Associate, with Plaintiff's employment to commence on or about September 22, 2019. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in the second Paragraph 1 of Plaintiff's Complaint, and therefore denies same.

2.    On or around September 25, 2019, Plaintiff started working for the Defendant. Plaintiff was placed on the back dock. Plaintiff was on time for work and did not have any write ups based on her job performance.

**ANSWER:** Denied as alleged. Defendant admits only that Plaintiff's employment was scheduled to begin on September 22, 2019. On information and belief, Plaintiff was assigned to work at the back dock location. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in the second Paragraph 2 of Plaintiff's Complaint, and therefore, denies same.

3.    On October 15, 2019 Plaintiff was told she was being terminated because Defendant's management did not want to continue to accommodate her due to her pregnancy. Plaintiff was sent home.

**ANSWER:** Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint because they are untrue.

4.    On or around October 15, 2019 Plaintiff was contacted by an agent acting on behalf of Defendant. During the conversation the agent told Plaintiff the reason she was terminated [was] because they did not want to accommodate her based on her pregnancy and she knew she should not have been working while she is pregnant.  (**Please note the conversation was record[ed] and the Plaintiff has a copy of the recording**).

**ANSWER:** Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint because they are untrue.

4

5.      Plaintiff asserts, as a result of the actions of the agents acting on behalf of the Plaintiff has suffered the following: additional emotional and mental anguish, she [is] having sever[e] stomach cramps which she did not experience prior to this incident, she is unable to pay her rent, unable to purchase items for her baby, unable to save and purchase [an] automobile, unable to afford with the assistance of other money to afford to atten[d] her doctor appointments.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint because they are untrue.

## REL[IE]F SOUGHT

A. Take jurisdiction over the Defendant until this matter is resolved.

B. Pay for all Plaintiff medical bills as a result of the agent['s] actions on behalf of the Defendant.

C. Pay Plaintiff $1,000,000 punitive damages and 1,000,000 compensatory damages,

D. Any other relief the Court deems just and proper.

**ANSWER:** Defendant admits only that Plaintiff's Complaint purports to seek the relief referenced in the aforementioned Paragraphs A-D, however, Defendant denies that it engaged in any acts which would give rise to a cause of action on the part of the Plaintiff, or that Plaintiff is entitled to any relief, whatsoever.

5

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, Defendant asserts the following affirmative and/or special defenses to Plaintiff's Complaint. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

All of the injuries and damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation, and Defendant is entitled to an offset to the extent that there has been any mitigation. Further, Plaintiff's claims are barred by the doctrine of avoidable consequences and equivalent doctrines.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was careless, negligent, and otherwise at fault in the matters alleged in the Complaint, and the resulting injuries sustained by Plaintiff, if any, were proximately caused and contributed by Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any act or omission by Defendant.

## FIFTH DEFENSE

Any actions taken by Defendant with regard to Plaintiff were taken in good faith and were based on lawful, legitimate, and non-discriminatory business reasons.

## SIXTH DEFENSE

Plaintiff's claim and/or claims for damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on unlawful grounds, and no decision was, Defendant would have reached the same decision based on other legitimate, lawful, and non-discriminatory reasons.

## SEVENTH DEFENSE

Plaintiff has failed to set forth any basis for an award of compensatory or punitive damages, and Defendant's good faith efforts to prevent unlawful discrimination in the workplace preclude an award of such damages.

## EIGHTH DEFENSE

Plaintiff cannot recover against Defendant to the extent that the damages alleged by Plaintiff are speculative or uncertain and also because Plaintiff failed to allege facts sufficient to state claims for punitive damages.

## NINTH DEFENSE

At all times concerning this litigation, Defendant acted in a manner which was proper, reasonable, lawful and in exercise of good faith.

## TENTH DEFENSE

If Plaintiff is found to have engaged in terminable misconduct in her acquisition of and/or during her employment with Defendant, the after-acquired evidence doctrine bars Plaintiff from recovering any front pay damages or obtaining reinstatement to her employment with Defendant, and any back pay damages are limited to the period between Plaintiff's alleged unlawful conduct and Defendant's discovery of Plaintiff's misconduct.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims may be barred by applicable statutes of limitation.

## TWELFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, and/or estoppel.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing suit.

## RESERVATION OF RIGHTS

Defendant reserves the right to file, upon completion of their investigation and discovery, such amended answers and affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant prays that Plaintiff take nothing by her Complaint; that the Complaint be dismissed with prejudice and in its entirety; that judgment be entered against Plaintiff, and in favor of Defendant, for all costs and attorneys' fees incurred by it in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper.

<div style="margin-left:50%">

*/s/  Michael A. Chichester, Jr.*
Littler Mendelson, P.C.
200 Renaissance Center, Suite 3110
Detroit, MI  48243
Phone: 313.202.3254-direct
Fax: 313.446.6405
mchichester@littler.com
(P70823)
***Attorneys for Defendant***

</div>

Dated:  December 17, 2019

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on December, 17, 2019, via:

| | | | |
|---|---|---|---|
| X | U. S. Mail | _____ | Facsimile |
| _____ | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | X | Federal Express |

*/s/ Michael A. Chichester, Jr.*
Michael A. Chichester, Jr.

10